308

BRADFORD et al. v. CITY OF SOMERSET, KY., et al.

No. 9463.

Circuit Court of Appeals, Sixth Circuit.

Oct. 20, 1943.

Victor F. Schmidt, of Rossmoyne, Ohio (Hayden C. Covington, of Brooklyn, N. Y., and Victor F. Schmidt, of Rossmoyne, Ohio, on the brief), for appellants.

C. L. Tarter and R. C. Tartar, both of Somerset, Ky., for appellee.

Before HAMILTON, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

The question presented on this appeal is whether the District Court erred in dismissing the above cause for lack of jurisdiction.

Appellants are members of Jehovah's Witnesses, who were arrested for distributing their literature without a license, which was required by ordinance of the City of Somerset. On moton to dismiss, filed by appellees, the District Court held, under the authority of Jones v. City of Opelika, 316 U.S. 584, 62 S.Ct. 1231, 86 L.Ed. 1691, 141 A.L.R. 514, that appellants had failed to make out a case of deprivation of civil rights as provided by Title 28 U.S.C.A. § 41(14); that inasmuch as the suit was not between citizens of different states, the only other ground upon which jurisdiction could rest, was that it arose under the Constitution or laws of the United States; and that, in view of the fact that it was not alleged or claimed that the matter in controversy, exclusive of interest and costs, exceeded the sum or value of $3,000, the District Court had no jurisdiction. Title 28 U.S.C.A. § 41(1).

Since the entry of the District Court's order dismissing the case, the Supreme Court, on rehearing of Jones v. City of Opelika, vacated its prior judgments therein, and reversed the judgments of the lower court. 319 U.S. 103, 63 S.Ct. 890, 87 L.Ed. 1290.

In Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 882, 87 L.Ed. 1324, it was held that a complaint, similar to that in the case before us, seeking equitable relief and alleging that a municipality, proceeding under a challenged ordinance, by arrest, detention, and by criminal prosecution of Jehovah's Witnesses, thus subjecting them to deprivation of their rights of freedom of speech, press, and religion secured by the Constitution, plainly set out an infringement of the Civil Rights Act, 17 Stat. 13. District Courts of the United States are given jurisdiction by Title 28 U.S.C.A. § 41(14) over suits brought under the Civil Rights Act without the allegation or proof of any jurisdictional amount. Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423. In Murdock v. Pennsylvania, 319 U. S. 105, 63 S.Ct. 870, 87 L.Ed. ——, it was held that a community may not suppress, or the state tax, the dissemination of views because they are unpopular, annoying, or distasteful; and a municipal ordinance which, as construed and applied, requires religious colporteurs to pay a license tax as a condition to the pursuance of their activities, is invalid under the federal Constitution as a denial of the freedom of speech, press, and religion. The circumstances under which federal equity jurisdiction is exercised to enjoin criminal prosecutions in state courts, in cases involving violation of the Civil Rights Act, are recited in Douglas v. City of Jeannette, supra.

In the light of the above decisions of the Supreme Court announced subsequent to the order of the District Court in this case, it follows that the trial court had jurisdiction over the suit, without allegation or proof of the jurisdictional amount.

In accordance with the foregoing, the order of the District Court is reversed and the case remanded to enable appellees to file answer and for further proceedings, in accordance with this opinion.